# United States District Court
# Western District of Wisconsin

MICHAEL B KINGSLEY ,
(Full name of plaintiff[s])

301363 ,
(Prisoner I.D. Number)

Case No. **12 C 0336**

(Provided by clerk of court)

Plaintiff(s),

v.

MONROE COUNTY SHERIFF'S DEPARTMENT,
ROBERT CONROY, STAN HENDRICKSON,
WISCONSIN DEPARTMENT OF CORRECTIONS,
NATE WHITE ,
(Full name of defendant[s])

Defendant(s).

## COMPLAINT UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983

**I.**   **PLACE OF PRESENT CONFINEMENT (Provide full address)**

REDGRANITE CORR. INST. P.O. BOX 925 REDGRANITE, WI 54970

**A.**   Is there a grievance procedure in your prison/jail?   YES ☒   NO ☐

**B.**   Have you filed a grievance concerning the facts relating to this complaint?
YES ☒   NO ☐

**C.**   If you have used the grievance process:

    **1.**   Describe what you did and the result, if any.
Filed two complaints with the jail. See hand written complaint pg 3 ¶ ¶ 15 - 22 Attached hereto.

    **2.**   Is the grievance process completed?   yes

**D.**   If you did not use the grievance process, explain why not.
N/A

## II.  PARTIES

A.    Your name (Plaintiff) MICHAEL B. KINGSLEY

B.    Prisoner I.D. Number 301363

C.    Your address REDGRANITE CORR. INST. P.O. BOX 925 REDGRANITE, WI

(For additional plaintiffs provide the same information in the same format on a separate page.)

D.    DEFENDANT (name) MONROE COUNTY SHERIFF'S DEPARTMENT, ROBERT CONROY, STAN HENDRICKSON,

is employed as CONROY AND HENDRICKSON BOTH LIEUTENANTS'

at MONROE COUNTY SHERIFF'S DEPARTMENT / JAIL

E.    Additional DEFENDANTS (names and positions):

WISCONSIN DEPARTMENT OF CORRECTIONS,

NATE WHITE, STATE INSPECTOR

## III.  PREVIOUS LAWSUITS

A.    Have you begun other lawsuits in state or federal court relating to the same facts involved in this action?        YES ☐        NO ☒  •

B.    Have you begun other lawsuits in state or federal court relating to your imprisonment?        YES ☒        NO ☐

C.    If your answer is YES to either of the above questions, provide the following requested information.

1.    Parties to the previous lawsuit

Plaintiff(s): MICHAEL B. KINGSLEY

Defendant(s): LISA JOSVAI et al.

2. Date filed DECEMBR 21, 2010

3. Court where case filed (if federal court, name district; if state court, name the county) WESTERN DISTRICT OF WISCONSIN

4. Case number and citation 10-CV-832

5. Basic claim made EXCESSIVE FORCE

6. Current status (for example: Was the case dismissed? Was it appealed? Is it still pending?) STILL PENDING

7. If resolved, date of disposition N/A

8. If resolved, state whether for N/A (Plaintiff or Defendant)

(For additional cases, provide the above information in the same format on a separate page.)

## IV. STATEMENT OF CLAIM

A. State as briefly as possible the facts of your case. Describe how each named defendant is involved. Include the names of other persons involved, dates, and places. Describe specifically the injuries incurred. Do not give legal arguments or cite cases or statutes. You may do that in Item "B" below. If you allege related claims, number and set forth each claim in a separate paragraph. Use as much space as you need to state the facts. Attach extra sheets, if necessary. Unrelated separate claims should be raised in a separate civil action.

SEE PLAINTIFF'S HAND WRITTEN COMPLAINT, FACTS PAGE 2, ¶¶ 8-12; PAGE 3, ¶¶ 13-19; AND PAGE 4, ¶¶ 20-22 ATTACHED HERETO

**STATEMENT OF CLAIM continued**

SEE PLAINTIFF'S HAND WRITTEN COMPLAINT FACTS
PAGES 2-4 ¶¶ 8-22 ATTACHED HERETO

B.   State briefly your legal theory or cite appropriate authority.

SEE PLAINTIFF'S HAND WRITTEN LEGAL THEORY
PAGES 7 AND 8 ATTACHED HERETO.

Complaint Under the Civil Rights Act

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

MICHAEL B. KINGSLEY,

                Plaintiff,

        V.                                      12 C 0336

                                        CASE NO:

MONROE COUNTY SHERIFF'S DEPARTMENT,
ROBERT CONROY, STAN HENDRICKSON,
WISCONSIN DEPARTMENT OF CORRECTIONS,
NATE WHITE,

                Defendants,

## COMPLAINT UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. 1983

NOW COMES the plaintiff Michael B. Kingsley Pro Se, and would respectfully ask this Honorable court to liberally construe this pleading as that term is defined in Haines v. Kerner, 404 u.s. 519 (1972) And hereby Moves the court pursuant to 42 u.s.c. 1983

## INTRODUCTION

This is a Civil Rights action filed by Michael B. Kingsley, a State prisoner at Redgranite Correctional Institution in Redgranite, Wisconsin seeking declaratory, injunctive, and Monetary relief alleging the conditions of his confinement violated the Fourteenth Amendment to the United States constitution. The plaintiff also alleges the tort of negligence.

## JURISDICTION

1. The court has jurisdiction over plaintiff's claim of violation of Federal constitutional Rights under 42 u.s.c. 1331(1) and 1343

2. The court has supplemental jurisdiction over the plaintiff's state law tort claim under 28 u.s.c. 1367

-1-

## PARTIES

3. The plaintiff, Michael B. Kingsley was a pretrial detainee at the Monroe county Jail (M.C.J) in Sparta, Wisconsin during the events described in this complaint.

4. Defendant, Robert conroy is a lieutenant at the M.C.J in Sparta, Wisconsin, he is sued in his individual and official capacities.

5. Defendant, Stan Hendrickson is a lieutenant and facility administrator at the M.C.J in Sparta, Wisconsin, he is sued in his individual and official capacities.

6. Defendant, Nate White is an inspector at the Wisconsin Department of corrections office of detention Facilities in Madison, Wisconsin, he is sued in his individual and official capacities.

7. All the defendants' have acted, and continue to act under color of state law at all times relevant to this complaint.

## FACTS

8. On July 24, 2011 the plaintiff was in a general population housing cell block at the M.C.J.

9. On July 24, 2011 sometime in the evening hours plaintiff was attending to his basic hygienic need taking a shower.

10. Plaintiff suddenly fell inside the shower hitting his head against the shower wall, and chiped; and or broke his bottom front teeth causing him serious pain and discomfort.

11. Plaintiff got up and out of the shower, because he could not see due to no lighting inside of the shower Plaintiff held himself up against the wall because he was still in pain, feeling dizzy and lite headed.

12. Once plaintiff gained his composure; was dry and decent, he knocked on the cell blocks sally port door to summons help, and to report what had just happen.

-2-

13. Jail officer Jana Dahmen (Dahmen) responded and plaintiff explained what happend, as well as reported his injuries. Dahmen escorted plaintiff to the jails booking area and took pictures of plaintiff's chiped and broken teeth, and also gave plaintiff some medical forms to fill out.

14. Dahmen escorted plaintiff back to his housing cell block, and once inside they made an attempt to locate plaintiff's broken teeth inside of the shower, but were unsuccessfull do to no lighting inside of the shower.

15. On July 25, 2011 plaintiff filed a complaint, and or grievance with the M.C.J. based on Hazardous Shower conditions due to no lighting inside the shower.

16. On July 26, 2011 plaintiff received a response to his complaint by defendant Hendrickson stating lighting is being looked into for the showers at M.C.J.

17. Several weeks prior to plaintiff's shower incident he was witness to fellow detainee Bobby Ostrum (Ostrum) falling and sustaining injuries within the shower in the same cell block. Plaintiff also witnessed Ostrum file a complaint with the M.C.J. regarding no lighting in the shower. On information and belief Ostrum received the same response from defendant Hendrickson, As plaintiff did.

18. On July 6, 2010 plaintiff filed a complaint with the M.C.J. regarding no lighting in the shower (inter alia), and on July 14, 2010 defendant conroy responded and addressed everything but the lighting issue within the shower.

19. Defendant White inspected the M.C.J. twice while plaintiff was a pretrial detainee in 2010 and 2011. And on both occasions plaintiff talked to the defendant regarding numerous condition issues including inadequate lighting in the shower. Defendant White

-3-

Seemed as though he ignored the plaintiff's concerns.

20. Defendant White posed questions to the plaintiff as to, "is there hot water?" And, "do the telephones work?" Defendant posed these two questions both times when plaintiff was a pretrial detainee in 2010 and 2011.

21. in 2011 plaintiff again attempted to address condition concerns with defendant White. Defendant White responded by stating, "Its an old jail there is not Much I can do". Plaintiff told defendant that he should review all his complaints regarding conditions at the M.C.J. Defendant did not respond and left plaintiff's housing cell block.

22. on August 19, 2011 plaintiff served notice of injury and claim upon the Attorney General.

## EXHAUSTION OF REMEDIES

23. The plaintiff has exhausted his administrative remedies with respect to all claims in this matter.

## CLAIMS FOR RELIEF
### FAILURE TO PROTECT

24. The failure of Defendants' Conroy, Hendrickson, and White to act on their knowledge of, and disregarding an excessive risk to the plaintiff's health and safety created a substantial risk of serious harm and violated the plaintiff's rights under the Fourteenth Amendment to be free from punishment and constitutes deliberate indifference to his safety.

25. As a result of Defendants' Conroy, Hendrickson, and White plaintiff received serious physical and emotional injuries.

## NEGLIGENT FAILURE TO PROTECT

26 Defendants' Conroy, Hendrickson, and White owed plaintiff a duty of reasonable care to protect him from

-4-

Hazardous conditions of confinement

27. Defendants' Conroy, Hendrickson, and White breached that duty by failing to provide protection when plaintiff informed the defendants' of his fear of no lighting inside of the shower.

28. The breach of duty resulted in serious physical and emotional injury and damages.

29. The breach of duty proximately caused those damages.

WHEREFORE, Plaintiff respectfully requests that the court grant the following relief:

A. Issue a declaration that defendants' Conroy, Hendrickson, and White violated plaintiff's rights under the Fourteenth Amendment to the United States Constitution, and constitutes the tort of negligence under state law when they failed to protect him from a known risk of unsafe dangerous conditions of confinement.

B. Issue an injunction ordering defendants' Conroy, Hendrickson, and White to install adequate lights inside all the showers at the M.C.J.

C. Issue an injunction ordering defendants' Conroy, Hendrickson, and White to install hot water in each inmate housing cell including inside of every receiving; and or segregation cell at the M.C.J.

D. Compensatory damages in the amount of $100,000 against each defendant, jointly and severally.

E. Punitive damages in the amount of $30,000 against each defendant.

F. A jury trial on all issues triable by jury.

-5-

G. Plaintiff's costs in this suit

H. Any additional relief this Honorable court deems just proper, and equitable

Dated this 4TH day of MAY 2012

Respectfully Submitted,
Michael B Kingsley
Redgranite corr. inst
P.O. BOX 925
Redgranite, WI 54970-0925

Plaintiff Pro se

## VERIFICATION

I have read the foregoing complaint and hereby verify that the matters alleged therein are true, except as to matters alleged on information and belief, and as to those, I believe them to be true. Pursuant to 28 u.s.c 1746 I declare under penalty of perjury that the foregoing is true and correct.

-6-

CONDITIONS OF CONFINEMENT

## LEGAL THEORY

The scope of an individual's right to be free from hazardous conditions of confinement that cause an excessive risk to health and safety are deemed constitutional. In order to state a claim under the Fourteenth Amendment one must satisfy a test that involves both a subjective and objective component Farmer v. Brennan, 511 U.S. 825 (1994)

The State violates the proscription when it "so restrains an individual's liberty that it renders him unable to provide for basic human needs" Helling v. McKinney, 509 U.S. 25 (1993)(citation and internal quotations omitted) Thus prison, and or Jail officials must take reasonable measures to ensure an inmates safety. see Boyce v. Moore, 314 F.3d 884, 888 (7th cir 2000)

To state claim premised on prison officials failure to protect one must allege that the defendants' knew of and disregarded an "excessive risk" to [his/her] "health and safety" Farmer, 511 U.S. at 837. The question of the defendants culpability is subjective, but the risk is evaluated on an objective basis -- the allegedly dangerous prison condition must deprive an inmate of "the minimal cilvilized measure of life's necessities" Farmer, 511 U.S. at 834 (internal quotation marks and citation omitted) see Antonelli v. Sheahan, 81 F.3d 1422, 1427 (7th cir 1996)

An "objectively 'sufficiently serious'" risk see Farmer, 511 U.S. 834 (citations omitted) is one that society considers so grave that to expose any unwilling individual to it would offend contemporary standards of decency Helling 509 U.S. at 36; See Vinning-El v. Long, 482 F.3d 923, 2007 U.S. App. (7th cir 2007); Lunsford v. Bennett, 17 F.3d 1574, 1579 (7th cir 1994)(citing Jackson v. Duckworth, 955 F.2d 21, 22 (7th cir 1992) See also Rhodes v. Chapman, 452 U.S. 337 (1981) This includes not only physical

-7-

torture, but any punishment incompatible with "the evolving standards of decency that marks the progress of a maturing society" Trop v. Dulles, 356 u.s. 86 (1958)

Deliberate indifference, "implies at a minimum actual knowledge of impending harm easily preventable so that a conscious culpable refusal to prevent the harm can be inferred from the defendants' failure to prevent it." See Dixon v. Godinez, 114 F.3d 640, 645 (7TH cir 1997) (quoting Duckworth v. Franzen, 780 F.2d 645, 653 (7TH cir 1985) See also Wilson v. Seiter, 501 u.s. 294 (1991) The court held that the deliberate indifference standard, which is used to analyze inadequate medical care claims under the Eighth Amendment, applies also to conditions of confinement claims. Wilson, 501 u.s. at 303

Pretrial detainees, by contrast have not yet been convicted or sentenced and thus are not yet "punishable" (emphasis added) under the law See Bell v. Wolfish, 441 u.s. 520 (1979); Wilson v. Williams, 83 F.3d 870, 875 (7TH cir 1996) ("[A Pretrial] detainee may not be punished prior to an adjudication of guilt in accordance with Due Process of law") This means that pretrial detainees "May not be 'Punished' by the state in any way" Wilson, 83 F.3d at 875 (emphasis added) As such pretrial detainees couch conditions of confinement as violations of their Fourteenth Amendment rights, not infringements on the Eighth Amendment's ban on cruel and unusual punishment.

At the time of relevant events, plaintiff was a pretrial detainee who was booked into the M.C.J in Sparta, Wisconsin on drug charges and placed on a probation hold on April 20, 2011 awaiting an adjudication in accordance with Due Process of law therefore, Cloaked with the Fourteenth Amendment's broader protections against punishment, "in any way" Wilson 83 F.3d at 875.

-8-

V.   **RELIEF YOU REQUEST**

State briefly and exactly what you want the court to do for you.  Make no legal arguments.
Do not use this space to state the facts of your claim.  Use it only to request remedies for the
injuries you complain about.

SEE PLAINTIFF'S HAND WRITTER COMPLAINT

CLAIMS FOR RELIEF, PAGES 4-5, ¶¶ 24-29

AND PAGES 5-6, A-H ATTACHED HERETO

I declare under penalty of perjury that the foregoing is true and correct.

Complaint signed this 4TH day of MAY, 20 12 .

Signature of Plaintiff(s)

*Michael P. Kingsley*

(If there are multiple plaintiffs, each   must
sign the complaint)

Prisoner I.D. Number(s)  301363

Complaint Under the Civil Rights Act                    -5-